UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHARLENE LIPPY and LARRY HUBBARD,

    Plaintiffs,

vs.                                         Case No.  3:10-cv-727-J-34MCR

METROPOLITAN CASUALTY INSURANCE
COMPANY, a foreign profit corporation,

    Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion to Compel (Doc. 11) filed September 23, 2010.  Plaintiffs filed a response in opposition to this Motion on October 5, 2010.  Accordingly, the matter is now ripe for judicial review.

## **I. BACKGROUND**

Plaintiffs originally filed this negligence and loss of consortium claim in state court.  On September 18, 2010, Defendant removed the action to this Court.  In March 2010, while the case was still pending in state court, Defendant served Plaintiffs with a request for production of documents, interrogatories, consortium interrogatories, and Medicare interrogatories.  Defendant now asks the Court to enter and Order compelling Plaintiffs to respond to these outstanding discovery requests.  Plaintiffs respond that as no case management conference has occurred, any discovery is premature.

## II. **DISCUSSION**

Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court.  See Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  See Westrope, 730 F.2d at 731.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  Furthermore, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility."  Middle District Discovery (2001) at 1.

With respect to the instant motion, the Court agrees with Plaintiffs.  Local Rule 3.05(c) provides that in Track Two cases (such as the instant case), a party may not seek discovery from any source until after the parties have conducted a Case Management meeting and prepared a Case Management Report.  As it appears no such meeting has occurred, Defendant's discovery requests are premature and the Motion to Compel is due to be denied.  Once the parties meet and prepare their Case Management Report, Defendant shall either resubmit its discovery requests to Plaintiffs

or notify Plaintiffs that it expects Plaintiffs to respond to the earlier requests within thirty days after the Case Management meeting.

While Defendant's Motion indicates counsel for Defendant complied with Local 3.01(g) by conferring with opposing counsel prior to filing the instant motion, the Court is concerned the "conferring" was not adequate.  The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." Desai v. Tire Kingdom, Inc., 944 F. Supp. 876 (M.D. Fla. 1996).  The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." Davis v. Apfel, 2000 WL 1658575 (M.D. Fla. 2000).   Moreover, the Middle District Discovery Handbook provides:

> Local Rule 3.01(g), requiring certification of a good faith
> conference before any discovery motion is filed, is strictly
> enforced.  Many potential discovery disputes are resolved
> (or the differences narrowed or clarified) when counsel
> confer in good faith.

Middle District Discovery (2001) at 20.  The Court believes if counsel for Defendant and counsel for Plaintiffs had actually conferred on the telephone or in person before the instant Motion was filed, there would have been no need for Court involvement. Therefore, the Court urges counsel for both parties to ensure that in the future, they comply with Local Rule 3.01(g) by conferring either via telephone or in person.

Accordingly, after due consideration, it is

**ORDERED**:

Defendant's Motion to Compel (Doc. 11) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  13th  day of October, 2010.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record